UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRO TEM PARTNERS, INC.,<br>    Plaintiff | )<br>)<br>) |
| V. | ) Civil Action No. 05-11822 RCL<br>) |
| SEMICO RESEARCH CORPORATION, INC.<br>    Defendant | )<br>)<br>) |

DEFENDANT'S ANSWER

First Defense

For Answer to the numbered paragraphs of the plaintiff's Complaint, the defendant Semico Research Corp. says as follows:

1. Admitted.

2. Defendant says that its correct name is "Semico Research Corp." (hereinafter "Semico") and that its principal place of business is in Phoenix, Arizona. Defendant otherwise admits the allegations in paragraph 2.

3. Admitted.

4. Semico admits that on April 7, 2004, Semico executed a Sales Representative Agreement (the "Agreement" or "2004 Agreement") with Pro Tem Partners, Inc. (sometimes referred to hereinafter as "ProTem") that recites that it was made as of March 31, 2004. Defendant respectfully refers the Court to the Agreement for a true construction of its terms.

Further answering paragraph 4, Semico says that the 2004 Agreement was the latest in a

series of agreements dating back to 1995, and that the sole owner, Officer and Director of Pro Tem, Jan-Charles Fine (sometimes referred to hereinafter as "Fine"), also was the co-incorporator, Chief Executive Officer of Semico, a Director and its second largest shareholder, and the 2004 Agreement and all predecessor agreements were drafted by him and executed at his direction and insistence.

 5. Semico admits that it refused to reimburse Pro Tem its expenses until Pro Tem submitted signed Expense Report forms, at which time payment was remitted promptly.

 Semico denies the remaining allegations in paragraph 5 that it "unreasonably restricted Pro Tem's sales efforts" or "engaged in a harassment campaign to unreasonably burden the Agreement."   Further answering these allegations, Semico says that after Pro Tem Partners, Inc.'s sole owner, Director and Officer, Jan-Charles Fine, resigned as Semico's Chief Executive Officer and thereafter was voted off of Semico's Board of Directors in January 2005, Pro Tem Partners, Inc. failed and refused to seasonably respond to Semico's requests for information concerning its sales activities and failed and refused to follow Semico's policies.

 6. Semico denies that it engaged in the activities alleged in paragraph 5 and therefore denies the allegations in paragraph 6.

 7. Semico admits that it terminated the Agreement by letter dated July 20, 2005. Defendant otherwise denies the allegations in paragraph 7.

Count I

 8. Semico repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1-7 inclusive.

 9. Semico denies that it restricted Pro Tem's ability to carry out the Agreement and

denies that it breached the Agreement or that its termination of the Agreement was in violation of the terms of the Agreement.

10. Semico denies the allegations in paragraph 10. Further answering this paragraph, Semico states that prior to commencement of this action Semico assured Pro Tem that it would receive its commissions and accountings in accordance with the terms of the Agreement.
.

Count II M.G.L. c. 93A

11. Semico repeats and incorporates herein by reference its responses to the allegations set forth in paragraphs 1-10 inclusive.

12. Semico admits that Jan-Charles Fine is the sole owner, Officer and Director of Pro Tem, and that he also owns approximately 30% of all issued shares of Semico.

13. Semico denies that it has attempted to force Fine to sell his interest in Semico, and denies that Fine has refused to offer his stock for sale. Further answering this allegation, Semico says that Fine was the first to raise the subject of selling his stock in Semico, in a letter dated November 9, 2004, wherein Fine presented three proposals to Semico, one of which was that Semico purchase his stock in Semico; and failing Semico's acceptance of any of his three proposals, Fine threatened to pursue dissolution of Semico. Thereafter Fine and Semico exchanged offers regarding Semico's acquiring Fine's stock in Semico, but no agreement was reached.

Semico admits that, when Fine continued to negotiate the sale of his stock to Semico, Semico's offer to purchase Fine's stock included a provision that the Agreement be terminated in exchange for Semico waiving a 10-year payout provision and agreeing to a lump sum payment

for Fine's stock.  Semico otherwise denies the allegations in paragraph 13.

14.  Semico admits that it has terminated the Agreement with Pro Tem and says that it terminated the Agreement for cause.  Semico denies the allegation that termination of the Agreement was intended to force Pro Tem to waive or compromise its rights under the Agreement.

Semico denies that it engaged in the "series of activities set forth" in earlier paragraphs of Pro Tem's Complaint.  Semico denies that termination of the Agreement or any other conduct of Semico was intended or designed to force Fine to sell his ownership interest in Semico.

15.  Semico denies that it has engaged in the "course of conduct" described in Pro Tem's Complaint and therefore denies the allegations in paragraph 15.

16.  Semico denies that it has engaged in the conduct described in Pro Tem's Complaint and therefore denies the allegations in paragraph 16.

17.  Semico denies the allegations in paragraph 17.   Further answering this paragraph, Semico states that prior to commencement of this action Semico assured Pro Tem that it would receive its commissions and accountings in accordance with the terms of the Agreement.

### Second Defense

18.  The Court lacks jurisdiction over the defendant, as defendant is an Arizona corporation having insufficient contacts with Massachusetts to satisfy either the Massachusetts Long-arm Statute or Constitutional due process.

### Third Defense

19. The venue of this action is improper, and the case should be transferred to Arizona, as the sole Owner, Officer and Director of the plaintiff is also the former Chief Executive Officer, a

Director and Secretary of Semico; Semico is an Arizona corporation and does not have any place of business in Massachusetts; and this action arises out of a disagreement between Semico and Fine, its minority shareholder and former officer and Director.

### Fourth Defense

20. Count II of the Complaint fails to state a claim against the Defendant because the alleged wrongful conduct did not occur primarily and substantially in Massachusetts.

### Fifth Defense

21. Count II of the Complaint fails to state a claim against Defendant because the alleged wrongful conduct arises out of and relates to a dispute between parties in the same venture.

WHEREFORE, the defendant Semico Research Corp. respectfully requests that the Court dismiss this action and award defendant its costs, including reasonable counsel fees.

By its attorneys,

Joseph F. Ryan BBO# 435720
Lyne Woodworth & Evarts LLP
600 Atlantic Avenue
Boston, MA 02210
Telephone 617/523-6655 - Telecopy 617/248-9877
E-mail: Jryan@LWELaw.com