UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PRO TEM PARTNERS, INC.,          )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )          No. 05-11822-RCL
SEMICO RESEARCH                  )
CORPORATION, INC.,               )
                    Defendant.          )

**PRO TEM PARTNERS, INC.'S OPPOSITION TO SEMICO
RESEARCH CORPORATION, INC.'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Semico Research Corporation, Inc.'s ("Semico") Motion to Dismiss should be

denied because the Court can exercise both general and specific personal jurisdiction over

Semcio based on the corporation's contacts with Massachusetts.  When deciding a motion to

dismiss on jurisdictional grounds, the Court "must consider, 'specific facts affirmatively alleged

by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to

the plaintiff's jurisdictional claim . . .'" Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F.

Supp. 2d 102, 108-109 (D. Mass. 2003), citing Massachusetts School of Law at Andover, Inc. v.

American Bar Ass'n, 142 F.3d 26 (1st Cir. 1998); see also, Sutra, Inc. v. Iceland Express, EHF,

No. Civ. A 04-11360, 2005 WL 1668992, at *2 (D. Mass. July 14, 2005).  In the instant case,

Plaintiff Pro Tem Partners, Inc.'s ("Pro Tem") allegations support the assertion of both specific

and general personal jurisdiction over Semico.[1]  Indeed, regarding the grounds for specific

jurisdiction, the Court can claim personal jurisdiction over Semico under two sections of the

Mass long-arm statute, 223A §§ 3(a) and 3(d).  Venue is also appropriate in Massachusetts.

Accordingly, Semico's motion to dismiss for lack of personal jurisdiction or, in the alternate, to

transfer venue should be denied.

---

[1]  Defendant Semico's motion includes a narrative of numerous allegations that are both disputed and irrelevant to
the current motion to dismiss.  Accordingly, Pro Tem does not concede the accuracy of any of Semico's contentions
but, at this time, will only address the ones relevant to the issue of personal jurisdiction and venue.

**FACTS**

Pro Tem is a corporation duly organized under the laws of Massachusetts with a principal place of business in Massachusetts.  On or about October 2, 2000, Pro Tem and Semico entered into a Sales Representative Agreement ("Agreement"), pursuant to which Pro Tem agreed to develop customers for Semico and sell Semico's services in a region which included Massachusetts.  Affidavit of Jan-Charles Fine ("Fine Affidavit"), ¶¶ 4, 11.  The Agreement was negotiated via numerous emails, telephone calls, and letters exchanged between Semico's offices and Pro Tem's Massachusetts offices.  Fine Affidavit, ¶¶ 6, 8 and 10. It was ultimately drafted in Massachusetts.  Fine Affidavit, ¶ 4.  Pursuant to a choice of law clause, the parties agreed that the Agreement is to be governed by Massachusetts law.  Fine Affidavit, ¶ 18.

Since executing the Agreement, Semico has had regular and numerous contacts with Massachusetts.  Under the Agreement, Pro Tem found and developed approximately fifteen (15) customers in Massachusetts for Semico's services.  Fine Affidavit, ¶ 11.  From these Massachusetts customers, Semico has earned approximately $550,000 since the beginning of 2000. Fine Affidavit, ¶ 12.  In addition, between October 2000 and July 2005, Semico executives and employees traveled to Massachusetts on approximately 10-15 occasions to develop relationships with Massachusetts customers for Semico's services.  Fine Affidavit, ¶¶ 14-16.  For instance, since November, 2003, David Cavanaugh, Semico's Director of Manufacturing Technology, traveled to Massachusetts on at least one to two occasions to present findings on a consulting project that Pro Tem had brought into Semico, and in March, 2005, Sherry Garber, a Semico Director and Vice President, traveled to Massachusetts to conduct business for Semico and to solicit business contacts in Massachusetts.  Between October 2000 and July 2005, Semico also contacted Pro Tem's Massachusetts office regularly by email and telephone.  Fine Affidavit, ¶¶ 7, 8.  Finally, until shortly before this action began, Semico listed Pro Tem's address as Semico's Massachusetts address, and identified Pro Tem's

address, telephone number and e-mail address as the proper contact point for all prospective Semico customers in the eastern United States.  Fine Affidavit, ¶ 13.

Despite Pro Tem's successful efforts on Semico's behalf, in 2005, Semico became hostile to Pro Tem.  Among other things, Semico unreasonably restricted Pro Tem's sales efforts, engaged in a harassment campaign to unreasonably burden the Agreement, and unreasonably delayed reimbursement for travel expenses.  Complaint, ¶ 5.  Semico then proceeded to send communications to Pro Tem in Massachusetts wrongfully accusing Pro Tem of failing to live up to its obligations under the contract and unilaterally seeking to change to terms of the contract.  Fine Affidavit, ¶ 17.  When Semico attempted to terminate the contract contrary to the terms of the contract, Pro Tem filed this current action.

**ARGUMENT**

**I. Massachusetts Has Specific Personal Jurisdiction Over Semico**

Semico' contacts with Massachusetts fit the criteria for specific jurisdiction under the Massachusetts long-arm statute.  The Court can assert specific jurisdiction over a foreign corporation if the action falls under the Massachusetts long-arm statute, 223A, and the exercise of the jurisdiction accords with the United States Constitution.  See Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 108 (D. Mass. 2003).  In the present case, jurisdiction is authorized by the Massachusetts long-arm statute under two sections, 223A §§ 3(a) and 3(d), and Semico's contacts with Massachusetts fall squarely within the minimum contacts required by the Constitution.

**A.  The Court has personal jurisdiction pursuant to 223A §3(a) because Semico transacted business in Massachusetts**

Semico's contacts with Massachusetts regarding the Pro Tem contract are more than sufficient to meet the criteria for personal jurisdiction under the "transacting business" clause, 223A § 3(a), of the Massachusetts long-arm statute .  The Massachusetts courts have consistently interpreted the "transacting business" clause broadly to find jurisdiction for Massachusetts courts.  See Workgroup, 246 F. Supp. 2d at 109 ("The 'transacting business'

clause in § 3(a) has been construed broadly"). Indeed, "[j]ust a few acts on a defendant's part can often suffice to satisfy the long-arm statute's threshold for transacting business]", and "the defendant need not be physically present in state to 'transact business' in the state." Workgroup, 246 F. Supp. 2d. at 109-110.

Semico's behavior easily meets this standard. While negotiating for the contract, Semico sent approximately ten to twenty letters and numerous emails into Massachusetts to Pro Tem. Fine Affidavit, ¶¶ 6, 8. Moreover, Semico conversed with the Pro Tem in at least five telephone calls which were instrumental to the creation of the contract between the parties. Fine Affidavit, ¶ 10. Under Massachusetts law, these contacts alone suffice to bring Semico under the purview of 223A § 3(a).[2] See Workgroup, 246 F. Supp. 2d at 110.

Moreover, a major aspect of the contract was to be performed within Massachusetts. Pro Tem agreed to solicit and develop business for Semico within Massachusetts, and it would be doing so as a corporation registered in Massachusetts with its principal place of business within Massachusetts. In fact, until shortly before this action began, Semico even listed the Pro Tem offices in Massachusetts as one of Semico's offices. Fine Affidavit, ¶ 13.

In addition, Semico employees and representatives visited Massachusetts approximately 10-15 times in the performance of this contract between October 2, 2000 and July 20, 2005. Fine Affidavit, ¶ 14. During these trips, the Semico representatives engaged in activities crucial to the continued success of Semico's business in Massachusetts and the fulfillment of the parties' agreements, such as giving informational presentations and meeting with current and future Semico customers. Fine Affidavit ¶¶ 14-16. Of course, during this period, Semico and Pro Tem's Massachusetts' office continued to exchange emails, phone calls, and letters regarding business matters on a regular basis. Fine Affidavit, ¶¶ 5, 7 and 9. Significantly, the parties also signified in the contract that Massachusetts law would govern. Fine Affidavit ¶ 18.

---

[2] Semico contends that the emails it has sent to Pro Tem should not be considered when deciding the contacts question because emails can be received anywhere. However, Semico offers no citations supporting this contention, and, plaintiff has not found any authority for this position. Indeed, contrary to Semico's analysis, Massachusetts courts have expressly considered emails in their jurisdictional analyses. See Workgroup, 246 F. Supp. at 110.

See Champion Exposition Servs v. Hi-Tech Electric, L.L.C., 273 F. Supp. 2d 172, 176(D. Mass. 2003) (finding personal jurisdiction over a foreign corporation after noting particularly that "[the contract], significantly, specified that it would be governed by Massachusetts law").

Semico's terming the communications between the parties as merely "fortuitous" or implying their communications were unilateral acts by Pro Tem disregards both the number and nature of Semico's contacts with Pro Tem in Massachusetts and ignores Semico's consistent listing of a Massachusetts address as a Semico office.  In short, Semico's contacts in Massachusetts more than adequately meet the demands of 223A 3(a) to qualify as "transacting business" in the Commonwealth. See Workgroup, 246 F. Supp. 2d at 110.

The requisite nexus between Semico's Massachusetts' contacts and Pro Tem's cause of action is also clear.[3] Workgroup, 246 F Supp. 2d at 112.  The communications outlined above, i.e. letters, phone calls, emails, and visits, all played "a material role in the formation and ultimately the consummation of the contract that gave rise to" Pro Tem's cause of action. Workgroup, 246 F Supp. 2d at 112.  Moreover, the claim concerns a contract which was to be, and indeed was, performed in Massachusetts, and Semico's wrongful actions were directed into Massachusetts at Pro Tem.  Fine Affidavit, ¶¶ 3, 11 and 17.  Semico's effort to dismiss its contacts in Massachusetts by referring to Pro Tem's work in other states disregards the fact that Pro Tem is a Massachusetts corporation which negotiated a contract in Massachusetts with Semico.  Moreover, Semico has earned significant income from Massachusetts clients introduced by Pro Tem pursuant to the contract.  Fine Affidavit, ¶¶ 12.  In short, Semico's contacts in Massachusetts played a key role in the creation and performance of the Agreement. Hence, but for Semico's contacts with and into Massachusetts, the contract would not have been executed, and the claim would not have arisen.  Workgroup, 246 F. Supp. 2d at 112. ("The 'arising from' clause in Mass. Gen. Laws, c. 223A is to be generously construed in favor of

---

[3]  Semico attempts to mischaracterize the action as a suit between two individuals ignores the fact that Semico sent Pro Tem a notice purporting to terminate the Agreement between Pro Tem and Semico, and that Pro Tem has filed suit against Semico based on the breach of contract between the corporations.  Thus, Semico's contacts with Pro Tem and its activity pursuant to the parties' contract are the relevant issues.

asserting personal jurisdiction, by applying a 'but for' causation test.")  Thus, under

Massachusetts long-arm statute 223A § 3(a), the Massachusetts has personal jurisdiction over

Semico.

> **B.  The Court has personal jurisdiction pursuant to 223A §3(d) based on its c. 93A claim.**

Pursuant to M.G.L. 223A § 3(d), Massachusetts also has specific personal jurisdiction

over Semico based on Pro Tem's c. 93A claim.  Under Massachusetts law, the c. 93A claim

constitutes a cause of action arising from Semico's causing tortious injury within Massachusetts.

JMTR Enter., L.L.C. v. Duchin, 42 F. Supp.2d 87, 97 (D. Mass. 1999).  Semico seems to argue

that the nature of the underlying claim somehow changes the nature of the injury of the c. 93A

claim.  However, such an assertion is not supported by the holding in JMTR Enter., LLC.

In a footnote, Semico asks that the Court to simply disregard the c. 93A claim, but

Semico lacks any foundation for such a request.  Its argument fails for at least two reasons.

First, Semico asks the Court to decide a motion to dismiss by rejecting Pro Tem's allegations

and adopting Semico's contentions that the contract was essentially "private in nature".  It's

hornbook law that when deciding a motion to dismiss, the Court must accept the facts as the

plaintiff alleges them.

In addition, Semico's analysis is inaccurate.  The c. 93A claim simply is not based on a

"mere breach of contract" but rather, as the Complaint alleges, on Semico's "unfair and

deceptive practices."  Complaint, ¶¶1-16.  One should note also that Defendant cites Justice

Stahl's dissent to, not his concurrence with, the First Circuit's decision in Commercial Union Ins.

v. Seven Provinces, Ins., 217 F. 3d 33 (1st Cir. 2000).  In fact, the cases cited by Semico do not

support its position that the instant case constitutes "a private action".  Ray-Tek Services., Inc.

v. Parker, 64 Mass. App. Ct. 165 (App. Ct. 2005) involved a transaction between partners in a

joint venture; McAdams v. Massachusetts Mutual Life Insurance Co., 391 F.3d 287 (1st Cir.

2004) involved a deferred compensation plan offered by a corporation to a group of select

individuals; and in Simon v. Simon, 35 Mass. App. Ct. 705, 715 (App. Ct. 1994), "the

transactions in issue essentially were private dealings between brothers, strongly influenced by familial impulses."

Regarding Semico's allegation that "the center of gravity of circumstances that gave rise to the claim is primarily and substantially" not in Massachusetts, the courts have explicitly noted that this issue should not be considered at the motion to dismiss stage because a decision concerning it "must be made on the basis of factual findings."  Workgroup, 246 F. Supp. 2d at 118.  Semico's entire argument is based upon its version of contested facts, and, in any event, the cases cited by Semico are distinguishable from the present action.  In Kuwaiti Danish Computer Co. v. Digital Equipment Corp., 438 Mass. 459, 475, 781 N.E. 2d 787, 800 (2003), "[t]here were no known contractual arrangements that were disregarded or breached."  In Uncle Henry's, Inc. v. Plaut Consulting, Inc., 399 F.3d 33, 38 (1st Cir. 2005), unlike in the instant case, "all the challenged misrepresentations were received and relied upon in Maine . . . any damages were incurred in Maine."  Accordingly, Pro Tem's c. 93A claim acts as a basis for jurisdiction under M.G.L. c. 93A § 3(d).

In addition, Semico's conduct complies with the second half of c. 223A §3 (d) because the company "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth."  Though only one of these prongs must be satisfied to find jurisdiction, Semico's behavior falls into each category.  See Snyder v. ADS Aviation Maintenance, No. 9700968, 2000 WL 145110, at *3 (Mass. Super. Jan. 10, 2000).  As outlined above, Semico has routinely corresponded and communicated by telephone, emails, and U.S Mail with Pro Tem's Massachusetts office for the relevant period, and derived substantial revenue from its providing of services to Massachusetts clients.  Fine Affidavit, ¶¶ 5,7,9 and 12.  Moreover, Semico executives regularly visited Boston in connection with its effort to gain more business from clients based in Massachusetts, and even listed Pro Tem's address as a Semico's office.  Fine Affidavit, ¶¶13-16.  Under these facts, Semico's conduct actually satisfies all three prongs, not only the needed one.  Thus, Semico meets the requirements of M.G.L. c. 223A § 3(d) and

7

accordingly, even if M.G.L. c. 223A §3(a) did not bestow specific jurisdiction over Semico, 223A § 3(d) would.  See Snyder, 2000 WL 145110, at *3-4.


## II. **Massachusetts jurisdiction over Semico accords with Constitutional Due Process**

The exercise of jurisdiction over Semico in Massachusetts fulfills the Due Process requirements of the Fourteenth Amendment under the Constitution.  "The fairness requirement is met when certain 'minimum contacts' exist between the foreign defendant and forum state." International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945).  The First Circuit uses a three prong test to decide such "minimum contacts", and Semico's conduct fulfills all three prongs of this test.  See JMTR Enter. L.L.C. v. Duchin, 42 F. Supp. 2d at 98-99.  First, Pro Tem's claims are more than adequately related to Semico's activities.  See JMTR Enter. L.L.C., 42 F. Supp. 2d at 98 ("Relatively speaking, the relatedness test is a flexible, relaxed standard, as suggested by the disjunctive nature of the requirement.") (internal citation omitted).  Both the c. 93A and breach of contract claim relate to Semico's creation of a contract with Pro Tem by numerous types of communications directed at Massachusetts and Semico's subsequent actions in Massachusetts regarding the performance of said contract.  (infra, Sections I.A, B). As explained above, Semico regularly communicated with Pro Tem in Massachusetts concerning the formation of the contract which Semico breached, continued this systematic communication to solicit business in Massachusetts, sent its employees to Massachusetts to help develop business on a regular basis, and directed its wrongful actions against Pro Tem into Massachusetts.  Fine Affidavit, ¶¶ 5-10,14 - 18.

Second, Semico's behavior constitutes a "purposeful availment" of the "privilege of conducting business in this State."  Workgroup, 246 F. Supp. 2d at 113-114. To judge this issue, "the Court may look at all of the communications and transactions between the parties before, during and after the consummation of the contract, to determine the degree and type of contacts the defendant has with the forum, apart from the contract alone".  Workgroup, 246 F. Supp. 2d at 113-114.  Semico's long-time and routine communications with Pro Tem, a Massachusetts

company, concerning the parties' contract, Semico's frequent visits to Massachusetts to develop

Massachusetts clients, the inclusion of a clause in the party's contract stating that

Massachusetts law would govern all disputes, and the listing on Semico's website of the Pro

Tem office as Semico's Massachusetts office all demonstrate that Semico deliberately and

voluntarily directed its activities toward the state.  Fine Affidavit, ¶¶ 5,7,9,13-16 and 18.

Semico's attempt to portray Pro Tem's Massachusetts address as an arbitrary whim is both

unsupported and wrong; Pro Tem uses a Massachusetts address because the company is

located and registered in Massachusetts.  Considering the plethora and variety of material

contacts between Semico and Massachusetts, Semico's attempt to characterize its contacts

with Massachusetts as "fortuitous" or unilateral acts by Pro Tem borders on the absurd.

Similarly, Semico conveniently ignores the fact that, through Pro Tem, Semico was acquiring

customers in Massachusetts for Semico's services.  Hence, any argument that asserting

personal jurisdiction over Semico would harm sales of Massachusetts' products fails.  Semico

certainly should reasonably have "anticipate[d] being haled into court" in Massachusetts,

Workgroup, 246 F. Supp. 2d at 114, and its conduct constitutes the "purposeful availment"

required for due process.

Finally, the First Circuit considers the so-called Gestalt factors.  Workgroup, 246 F.

Supp. 2d at 114-115.  Semico has chosen to disregard these factors and instead engage in its

own "fairness" analysis.  This analysis lacks support under the law and fails to further Semico's

motion.

Semico blithely asks the Court to substitute a new plaintiff for the existing one, to ignore

the actual claims made by Pro Tem for ones that Semico prefers, and to accept a slew of

disputed allegations by Semico.  It offers no case law supporting such actions.  Moreover, its

argument is ultimately based on an inaccurate portrayal of Semico's contacts in Massachusetts

and on contentions which Pro Tem disputes.  Thus, even if Semico's "fairness" argument were

appropriate and even if the Court could ignore the actual filings in this action for Semico's

convenience, Semico's "fairness" argument would fail because Court must accept the facts as alleged in Pro Tem's Complaint for this motion.

A consideration of the <u>Gestalt</u> factors, as established by the First Circuit, comes out firmly on the side of litigating this action in Massachusetts. See <u>Workgroup</u>, 246 F. Supp. 2d at 114-115. First, while it may be burdensome for Semico to litigate in Massachusetts, the courts have pointed out, it is "almost always inconvenient and costly for a party to litigate in a foreign jurisdiction." <u>Workgroup</u>, 246 F. Supp. 2d at 115 (internal citation omitted). This factor plays a role only if the defendant "demonstrate[s] that the exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way." <u>Workgroup</u>, 246 F. Supp. 2d at 115. Semico has not offered any reason to find such special circumstances.

The second factor, the forum state's interest in adjudicating the dispute, also comes out in favor of personal jurisdiction over Semico. Massachusetts has an interest in "adjudicating alleged violations of its consumer protection laws", <u>Workgroup</u>, 246 F. Supp. 2d at 115, and the Commonwealth has an interest in ensuring that foreign corporations who negotiate and execute contracts with Massachusetts companies and then actively pursue business in Massachusetts under said contract fulfill their obligations.

As for the third factor, the case law shows that Pro Tem's choice of forum "must be accorded deference." <u>Workgroup</u>, 246 F. Supp. 2d at 115. Because Pro Tem's principal place of business and potential witnesses are in Massachusetts, Massachusetts would be at least a convenient forum as Arizona. The fourth and fifth factors also fall in Pro Tem's favor or may be simply regarded as neutral. See Workgroup, 246 F. Supp. 2d at 115; see also, JMTR Enter. L.L.C., 42 F. Supp.2d at 98 (finding jurisdiction under gestalt factors when defendant "signed a Term Sheet . . . regarding the acquisition of her company by a Massachusetts company . . . agreed to supply consulting services for two years to . . . a Massachusetts company . . . sent communications to the [plaintiffs] in Massachusetts and her attorney met with the [plaintiffs] in Massachusetts.") No evidence indicates that Arizona has a greater interest than Massachusetts

or that substantial social politics are even at issue.  In short, it would be fair, foreseeable and Constitutional to have Semico defend Pro Tem's claims in Massachusetts.

### III.  Massachusetts Courts Have General Personal Jurisdiction Over Semico

The Court should also exercise general personal jurisdiction over Semico because it has "engaged in continuous and systematic activity" in Massachusetts as detailed below.  New England Horsemen's Benevolent and Protective Ass'n., Inc. v. Rockingham Ventures, Inc., No. Civ.  97-12701, 1999 WL 350653, at *2 (D. Mass. Jan. 11. 999); see also, Hologic, Inc. v. Lunar Corp, No. 95-10008, 1995 WL 661238 (D. Mass. Aug. 4, 1995).  Accordingly, the assertion of jurisdiction over Semico would not offend "traditional notions of fair play and substantial justice" as necessitated by the Constitution.  Hologic, Inc, 1995 WL 661238, at *3, citing United Elec. Workers v. 163 Pleasant Street Corp., 960 F.2d 1080.

Between October 2000 and July 2005, Semico sent approximately 100-150 letters to, 2,500 emails to, and communicated by telephone with Pro Tem's Massachusetts office at least 200 times concerning Semico's business dealings in Massachusetts.  Fine Affidavit, ¶¶ 5, 7, and 9.  Pursuant to its contract with Semico, Pro Tem has solicited over fifteen clients for its services in Massachusetts, and Semico has received approximately $550,000 in revenue from its services sold to Massachusetts clients since 2000.  Fine Affidavit, ¶¶ 11-12.  During this period, Semico employees and officers also regularly visited Massachusetts to help Pro Tem develop new and assist current clients of Semico's services.  Fine Affidavit, ¶¶ 14-16.  Indeed, until shortly before this action was filed, Semico listed Pro Tem's Massachusetts address as a Semico office.  Fine Affidavit, ¶ 13.  These repeated Massachusetts contacts of Semico's over several years are more than sufficient to meet the standard for general jurisdiction.  In addition, the analysis above in Section II clearly shows that an assertion of jurisdiction over Semico accords with the due process requirements of the Constitution, including the five Gestalt factors followed by the First Circuit.  See Hologic, Inc., 1995 WL 661238, at *3-4.

Semico has cited Glater v. Eli Lilly & Co., 744 F.2d 213 (1st Cir. 1984), for the proposition that general jurisdiction should not apply. Semico's reliance on Glater is misplaced. In that case, the Defendant Eli Lilly & Co. ("Lilly") merely did limited advertising in the state and employed a few sales representatives who educated some residents of the state on Lilly's products. Glater, 744 F. 2d at 215. Lilly did not sell any products directly in the state, had no permanent presence in the state, and did not apparently execute any contracts which had been negotiated and signed in the state. Glater, 744 F. 2d at 215.

Here, Semico has sold its services directly to approximately fifteen Massachusetts companies and gained revenue over half a million dollars in revenue from such companies since 2000, and, until last year, Semico listed Pro Tem's address as Semico's Massachusetts address. Fine Affidavit, ¶¶ 11-13. Also, Semico executives made repeated trips to the state over a period of years to meet directly with potential and future customers and discuss Semico's services, and during this period, Semico sent numerous communications to a Massachusetts company concerning the development of direct customers for Semico's services. Fine Affidavit, ¶¶ 5, 7, 9, 14-16. Finally, Semico's Agreement with Pro Tem was negotiated and signed in Massachusetts, and included a provision that Massachusetts law was to govern the Agreement. Fine Affidavit, ¶¶ 4, 18.

These facts are very similar to New England Horsemen's Benevolent & Protective Ass'n, Inc. v. Rockingham Ventures, Inc., where an out of state corporation contracted with a Massachusetts corporation to provide a percentage of so called "purse payments" from a racetrack in consideration for broadcasting the races out of state. New England Horsemen's, 1999 WL 340652, at *2. The contract, like Pro Tem's with Semico, was negotiated by the plaintiff in Massachusetts by various communications to the out of state party, and the plaintiff executed in the contract in Massachusetts. Id. As Semico sent its services into Massachusetts, the defendant in New England Horsemen's broadcast its races into Massachusetts regularly. Like Semico, the defendant made "significant commission from its in-forum activities." Id., at *2-3. See also, Hologic, Inc. v. Lunar Corp., Inc., 1995 WL 6611238, at *4 (general jurisdiction

12

found where defendant maintained sales representative in Massachusetts who systematically worked to promote out of state corporation, sent employees on "goodwill visits to potential Massachusetts customers", and had gained revenue from the sale of fifteen products in Massachusetts.)

Taken together, then, Semico's contacts with Massachusetts constitute "continuous and systematic activity", and thus this Court may exercise general personal jurisdiction over Semico. See Hologic, Inc. v. Lunar Corp., No. 95-10008, 1995 WL 661238, at *4 (D. Mass. Aug. 4, 1995).

## IV.  Venue in Massachusetts is Appropriate in Massachusetts

"The defendants have the burden of showing that a transfer is warranted."  Camar Corp. v. N.R. Acquisition Corp., No. 96-40095, 1997 WL 118419, at *6 (D. Mass. March 11, 1997). Moreover, "plaintiff's choice of forum will be disturbed only rarely."  Champion Exposition Servs., Inc. v. Hi-Tech Electric, L.L.C, 273 F. Supp.2d 172, 180 (D.Mass. 2003).  Semico has not met its high burden to justify a transfer of venue.  Indeed, Semico does not even directly address or offer evidence regarding the venue issue.

The relevant factors include "(1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) the costs of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively." Camar Corp., 1997 WL 118419, at *6.  This case involves a contract between a Massachusetts party and a foreign corporation for services to be performed in Massachusetts.  Thus, each of the factors falls onto the side of venue in Massachusetts.  Moreover, Massachusetts is not only the most convenient forum under the relevant factors, but also it is the forum chosen by the plaintiff and a "presumption in favor of the plaintiff's choice of forum exists."  Workgroup, 246 F Supp. 2d at 116.  Thus, venue is proper in Massachusetts, and the action should not be transferred to Arizona.

**CONCLUSION**

For all of the above reasons, Semico Research Corporation, Inc.'s Motion to Dismiss should be denied.

**REQUEST FOR A ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), Plaintiff Pro Tem Partners, Inc. hereby requests a hearing on its Opposition to Semico Research Corporation, Inc.'s Motion to Dismiss.  In support of its request, Plaintiff states that because the motion involves issues of personal jurisdiction and is very fact-sensitive, an oral argument may aid the Court in reaching a fair and just decision on this Motion.  Plaintiff believes the oral argument will take no more than 15-20 minutes.

Respectfully submitted,

PRO TEM PARTNERS, INC.,

By its attorneys,


/s/ Anne Hoffman
J. Allen Holland, Jr., BBO# 546892
Anne Hoffman, BBO #236880
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110
(617) 951-0800


233333_1


Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 17, 2006.

/s/ Anne Hoffman
Anne Hoffman