## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:   Pro Tem Partners, Inc. and
Semico Research Corp. Litigation

MDL No. _____

### BRIEF IN SUPPORT OF PRO TEM PARTNERS, INC.'S MOTION FOR TRANSFER OF ACTIONS FOR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. §1407

Pursuant to 28 U.S.C. §1407, Pro Tem Partners, Inc. hereby moves the Judicial Panel on Multidistrict Litigation for an Order transferring the matter of Semico Research Corp. v. Jan-Charles Fine, Josefina R. Fine and Pro Tem Partners, Inc., United States District Court for the District of Arizona, Case Number CV2006-2475-PHX-DGC (hereinafter "Semico v. Fine") to the United States District Court for the District of Massachusetts, for consolidated pretrial proceedings with the matter of Pro Tem Partners, Inc. v. Semico Research Corporation, United States District Court for the District of Massachusetts, Civil Action No. 1:05-cv-11822 (hereinafter "Pro Tem v. Semico").

### INTRODUCTION

On or about March 17, 2004, Pro Tem Partners, Inc. (hereinafter "Pro Tem") entered into a Sales Representative Agreement with Semico Research Corporation, Inc.

(hereinafter "Semico").  Pursuant to said Agreement, Pro Tem was appointed exclusive Sales Representative of Semico as to certain listed companies, wherever located, and as to all companies within a geographical region.  In or about January of 2005, Pro Tem alleges that Semico began to unreasonably restrict Pro Tem's sales efforts, to engage in a harassment campaign to unreasonably burden the Agreement, and to unreasonably delay reimbursement for travel expenses.  Both Semico and Pro Tem are engaged in the business of marketing analytical and consulting services to the semiconductor industry and affiliated industries.

On or about August 1, 2005, Pro Tem filed a Complaint against Semico in the Superior Court department of the Commonwealth of Massachusetts.  *See*, Exhibit 1. The Complaint alleged that Semico's actions constituted breach of contract and a violation of the Massachusetts Consumer Protection Act, located in Chapter 93A of the Massachusetts General Laws.

On or about September 7, 2005, the <u>Pro Tem v. Semico</u> matter was removed to the United States District Court for the District of Massachusetts (Boston Division) by Semico based upon federal diversity jurisdiction.  It was assigned Civil Action No. 05-cv-11822.  *See*, Exhibit 2.

One year later, on September 7, 2006, Semico filed a Complaint in the Superior Court of Arizona in and for the County of Maricopa against Jan-Charles Fine, Josefina Fine, husband and wife, and Pro Tem.  Jan-Charles Fine (hereinafter "Fine") was the principal owner of Pro Tem and a minority shareholder in Semico at all times material hereto.  In its Complaint, Semico alleged that Pro Tem breached the Sales Representative Agreement with Semico, and breached the implied covenant of good faith and fair dealing.  Semico further alleged intentional interference with contract and breach of fiduciary duty on the part of Fine.  *See*, Exhibit 3.

On or about October 18, 2006, the <u>Semico v. Pro Tem</u> matter was removed to United States District Court for the District of Arizona (Phoenix Division) by Fine and Pro Tem based upon federal diversity jurisdiction and was assigned Case No. CV06-2465. *See,* Exhibit 4.

Pro Tem is seeking to transfer the <u>Semico v. Pro Tem</u> matter, which is currently pending in the U.S.D.C. for the District of Arizona to the U.S.D.C. for the District of Massachusetts (Boston Division) to be consolidated for the purposes of pre-trial proceedings. All elements required under 28 U.S.C. §1407 are present.

## ARGUMENT

The Judicial Panel on Multidistrict Litigation is empowered, pursuant to the provisions of 28 U.S.C. § 1407 to transfer for pretrial consolidation, civil actions pending in different districts which involve one or more common questions of fact, where such transfer would be for the convenience of the parties and witnesses and would promote the just and efficient conduct of such actions.

As evidenced by the Complaints filed in each action, the subject matter of <u>Pro Tem v. Semico</u> and <u>Semico v. Pro Tem</u> is identical. Both matters arise out of the parties' actions with respect to the Sales Representative Agreement and alleged breaches of that Agreement. As such, the actions involve one or more common questions of fact and common witnesses. Because these actions involve common facts, consolidation will preclude the possibility of inconsistent pretrial rulings or unnecessary duplication of discovery.

Given the existence of the requisite common questions of fact, a Section 1407 transfer should be granted if the circumstances show that the transfer would promote the just and efficient conduct of the actions. In the present case, a transfer will prevent inconsistent pretrial proceedings.

Further, a transfer to the U.S.D.C. in Massachusetts will be for the convenience of all parties and witnesses. The discovery required in this action will be costly and time consuming, and any inconvenience that may be incurred by a party as a result of a transfer would be outweighed by the benefits of consolidated pretrial proceedings. Many witnesses, including customers of Semico, reside in Massachusetts, and Pro Tem has a principal place of business in Weston, Massachusetts.

In light of the above, designation by the Panel of the United States District Court for the District of Massachusetts (Boston Division) as the transferee forum would facilitate the just and efficient conduct of consolidated pretrial proceedings and would be convenient for the parties and witnesses.

## CONCLUSION

Pro Tem Partners, Inc. respectfully submits that a Section 1407 transfer of these actions would be proper since numerous questions of fact are common to each, the convenience of the parties and witnesses would be accommodated, and that judicial efficient would be achieved by such a transfer. Therefore, Pro Tem Partners, Inc. moves this Panel for an Order transferring the matter of Semico Research Corp. v. Jan-Charles Fine, Josefina R. Fine and Pro Tem Partners, Inc., United States District Court for the District of Arizona, Case Number CV2006-2475-PHX-DGC to the United States District Court for the District of Massachusetts (Boston Division), and with the court's consent, to be joined on the docket of Judge Reginald C. Lindsay.

PRO TEM PARTNERS, INC.,

By its attorney,


J. Allen Holland, Jr., BBO #546892
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110-1800
(617) 951-0800

248690_1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail/hand on 2/16/07

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

PRO TEM PARTNERS, INC.,          )
     Plaintiff,                          )
                             )
v.                                                  )
                                   )
SEMICO RESEARCH                     )
CORPORATION, INC.,                   )
     Defendants.                         )

## COMPLAINT

1.     Plaintiff Pro Tem Partners, Inc. ("Pro Tem") is a corporation duly organized under the laws of Massachusetts with a principal place of business in Weston, County of Middlesex, Massachusetts.

2.     Defendant Semico Research Corporation, Inc. ("Semico") is a corporation duly organized under the laws of Arizona with a principal place of business in Phoenix, Arizona.

## BACKGROUND

3.     Both Semico and Pro Tem are engaged in the business of marketing analytical and consulting services to the semiconductor industry and affiliated industries.

4.     On March 17, 2004, Semico and Pro Tem entered into a Sales Representative Agreement, ("Agreement") pursuant to which Pro Tem was appointed exclusive Sales Representative of Semico as to certain listed companies, wherever located, and as to all companies within a certain geographical region extending from South Carolina northerly through Virginia, the mid-Atlantic States, New England, Ontario, Quebec and New Brunswick.

5.     In or about January, 2005, Semico began, among other things, to unreasonably restrict Pro Tem's sales efforts, to engage in a harassment campaign to unreasonably burden the Agreement, and to unreasonably delay reimbursement for travel expenses.

6.     Such activities constituted breaches of the Agreement.

7.     By letter dated July 20, 2005, Semico purported to terminate the Agreement.

## COUNT I
## BREACH OF CONTRACT

8.     Plaintiff repeats and incorporates by reference to the allegations set forth in paragraphs 1-7 as though the same were fully and completely set forth herein.

9.     Semico breached the Agreement with Pro Tem by restricting Pro Tem's ability to carry out the Agreement as set forth above at paragraph 5, and by terminating the Agreement in violation of the terms of the Agreement.

10.     Pro Tem has been damaged by Semico's breach in the loss of commissions to which Pro Tem is entitled under the Agreement.

## COUNT II
## M.G.L. c. 93A

11.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1-10 as though the same were fully and completely set forth herein.

12.     The sole owner, Officer and Director of Pro Tem, Jan-Charles Fine, is a minority (30%) shareholder of Semico.

13.     Since late 2004, Semico has attempted to force Mr. Fine to sell his interest in Semico, which Mr. Fine refused to sell.  In addition, Semico has requested that Pro Tem voluntarily terminate the Agreement or reduce the commissions to which Pro Tem is entitled under the Agreement. Pro Tem has refused these requests.

14.     Since that time Semico has engaged in a series of activities set forth above including terminating the Agreement, intended and designed to force Mr. Fine to sell his ownership interest in Semico and to force Pro Tem to waive or compromise its rights under the Agreement.

15.     Such course of conduct constitutes unfair and deceptive practices in violation of M.G.L. c. 93A.

2

16.    Semico's conduct as described above constitutes knowing and willful violations of M.G.L. c. 93A.

17.    Plaintiff has been damaged by such violations in the loss of commissions to which Pro Term is entitled under the Agreement.

WHEREFORE, Plaintiff demands that Judgment enter in its behalf plus triple damages, interest, costs and attorney's fees, and such other relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a Jury Trial on all issues so triable.

Respectfully submitted,

PRO TEM PARTNERS, INC.,

By their attorneys,

J. Allen Holland, BBO# 546892
Anne Hoffman, BBO# 236880
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110
(617) 951-0800

197846_1

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PRO TEM PARTNERS, INC.,
    Plaintiff

        )
        )
V.             )
        ) Civil Action No. _____

SEMICO RESEARCH CORPORATION, INC.
    Defendant

        )
        )
        )

**NOTICE OF REMOVAL PURSUANT TO**
**TITLE 28 USC, §§1332 AND 1446**

TO THE HONORABLE JUSTICES
OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MASSACHUSETTS:

Petitioner, Semico Research Corp. (hereinafter "Semico") respectfully represents that this matter should be removed on the basis of Diversity Jurisdiction pursuant to Title 28 USC, §1332(a)(1) and 28 USC §1446:

1.   Plaintiff Pro Tem Partners, Inc. (hereinafter "Pro Tem")commenced this action in the Superior Court Department of the Commonwealth of Massachusetts for Middlesex County, against defendant Semico by filing in that Court, a Complaint, Pro Tem's initial pleading, setting forth the claim for relief on which the action is based. Copies of the Civil Action Cover Sheet, Complaint, Tracking Order and Docket Sheet are filed herewith pursuant to Title 28 USC, §1446(b).

2.   Semico was served with the summons and a copy of the complaint on August 23, 2005. (Dkt # 2). This petition is filed in this Court within 30 days after the receipt by Semico of

a copy of the initial pleading setting forth the claim for relief upon which the action is based therefore the time for filing this petition under Title 28 USC §1446(b) has not yet expired.

3.  Plaintiff Pro Tem is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business being in Weston, Massachusetts. (Complaint ¶ 1).  Defendant Semico is a corporation organized under the laws of the State of Arizona with a principal place of business in Phoenix, Arizona.  (Complaint ¶ 2).

4.  According to the Civil Action Cover Sheet filed by Pro Tem in Middlesex Superior Court, Pro Tem alleges it has suffered lost future profits of approximately $885,000.

5.  The requirements of federal diversity jurisdiction pursuant to Title 28 USC §1332(a)(1) are satisfied, because the parties are citizens of different States and the amount at issue exceeds the $75,000 jurisdictional amount, exclusive of interest and costs.

6.  A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court Department, Middlesex County, Commonwealth of Massachusetts as provided by Title 28 USC §1446(d).

WHEREFORE, the defendant Semico Research Corp. prays that it may effect the removal of this action from the Middlesex Superior Court, Commonwealth of Massachusetts, to this Court, pursuant to USC 28, §§1332(a)(1) and 1446.

By its attorneys,

Joseph F. Ryan BBO# 435720
Lyne Woodworth & Evarts LLP
600 Atlantic Avenue
Boston, MA 02210
Telephone 617/523-6655 - Telecopy 617/248-9877
E-mail: Jryan@LWELaw.com

**EXHIBIT 3**

1  Ryan J. Lorenz. State Bar No. 019878
   **NORLING, KOLSRUD, SIFFERMAN**
2  **& DAVIS, P.L.C.**
   16427 North Scottsdale Road, Suite 210
3  Scottsdale, AZ 85254
   Telephone: (480) 505-0015
4  Facsimile: (480) 505-0025

5  Attorneys for Plaintiff Semico Research Corp.

6  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7  **IN AND FOR THE COUNTY OF MARICOPA**

8

9  SEMICO RESEARCH CORP., an          Case No. 
   Arizona corporation,

10              Plaintiff,            **COMPLAINT**

11  v.                               (Contract: other)

12  JAN-CHARLES FINE and
13  JOSEFINA R. FINE, husband and
    wife; PRO TEM PARTNERS, INC., a
14  Massachusetts corporation,

15              Defendants.

16

17      Plaintiff Semico Research Corp. ("Semico"), through counsel, for its complaint, states as

18  follows:

19      1.      Semico is an Arizona corporation, which has regular, systematic and

20  continuous business operations in Arizona.

21      2.      Defendant Jan-Charles Fine is a resident of Massachusetts.

22      3.      Defendant Fine is a former officer and director of Semico.

23      4.      Defendant Fine is the principal owner of Pro Tem Partners, Inc., ("Pro Tem")

24  a party with whom Semico contracted for services of a sales representative in a defined

25  territory.

26

**EXHIBIT 4**

# UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www.azd.uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**MICHAEL O'BRIEN**
CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

October 18, 2006

TO:  Counsel of Record/Parties

RE:  Case Title: <u>Semico Research Corp. vs. Jan-Charles Fine, et al.</u>

  District Court Case Number: <u>CV06-2475-PHX-DGC</u>

  Superior Court Case Number: <u>CV2006-052500</u>

The above case has been removed to the United States District Court for the District of Arizona from the Maricopa County Superior Court.

All subsequent documents in this case are to be filed in compliance with the Federal Rules of Civil Procedure and District of Arizona Local Rules. Any pending matters from the Superior Court are to be refiled in accordance with the rules of this court.

You may contact the docket section at (602)322-7210 with any questions you may have regarding this removal action.

  Sincerely,

  RICHARD H. WEARE, CLERK/DCE

  By: <u>  s/E.Leon  </u>
  Deputy Clerk

---

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*

5.       Defendant Fine is a shareholder of Semico, holding approximately thirty percent of Semico's stock.

6.       Defendant Josefina R. Fine is the spouse of Defendant Jan-Charles Fine.

7.       All events out of which Semico alleges liability were done on behalf or for the benefit of the martial community composed of Defendants Fine. All further allegations shall refer to Defendants Fine interchangeably in the singular or plural.

8.       Pro Tem is a Massachusetts corporation which had regular, systematic and continuous business contacts with Semico headquartered in Arizona.

9.       Venue is proper in Maricopa County.

## DEFENDANT FINE'S MANAGEMENT POSITION

10.      Semico was incorporated in 1995.

11.      Semico sells retail market research and provides analytical and consulting services to the semiconductor industry and affiliated industries.

12.      Semico prepares research reports that it retails to end user companies in the semiconductor industry, namely, semiconductor manufacturers, semiconductor equipment suppliers, semiconductor material suppliers, original equipment manufacturers, contract manufacturers, and to financial and government entities.

13.      Defendant Fine occupied several officer positions with the company from 1995 through December 2004, including chief executive officer and vice-president, as well as director.

14.      In November 2004, Defendant Fine began making demands on Semico and its officers that the company be dissolved so that his interest could be liquidated if the company did not follow certain specific management suggestions Defendant Fine was proposing.

15.      Semico's shareholders concluded that Defendant Fine did not have the company or their best interest in mind in his proposals and in making his demands.

16.       In December 2004 and January 2005, Semico attempted to convene a special meeting of its shareholders to entertain a motion for removal of Defendant Fine as a director.

17.       During that time frame, Fine tried to stall the special meeting in violation of provisions of title 10, Arizona Revised Statutes, and contrary to his duty to act in the best interest of Semico as its officer.

18.       On January 25, 2005, Defendant Fine tendered a resignation of his position as chief executive officer.

19.       On January 26, 2005, Semico's shareholders voted to remove Defendant Fine from the board of directors.  Fine was also removed as an officer.

**PRO TEM'S CONTRACTUAL RELATIONSHIP**

20.       In February 1995, Semico entered into a Sales Representative Agreement ("Agreement") with Pro Tem.

21.       Defendant Fine was the sole owner, officer and director of Pro Tem.

22.       The Agreement appointed Fine's company as an exclusive sales representative in some eastern states and as to some clients

23.       In later versions of the Agreement, Pro Tem was to serve as a non-exclusive sales representative in some other countries.

24. From time to time, Defendant Fine elected to change the territories and clients that Pro Tem would service.

25.       Because Fine remained an officer of Semico, Defendant Fine prepared revised versions of the Agreement.

26.       In recent years, Pro Tem's sales showed a marked decline.

a.       In each of the years 2000, 2001 and 2002, Pro Tem was credited with sales of approximately $1.3 million.

b.       Pro Tem was credited with sales of approximately $276,000 for 2003; $259,000 for 2004; and $104,000 for 2005.

27.     The decline in sales through Pro Tem was directly due to the lack of successful effort on the part of Defendant Fine.

28.     The decline in sales through Pro Tem was not caused by an overall decline in Semico's sales because Pro Tem's performance in 2003-2005 was vastly behind Semico's other regions.

29.     Semico had no way of improving its sales in Pro Tem's region because of the geographic exclusivity of the Agreement.

**FIRST CLAIM FOR RELIEF:   BREACH OF CONTRACT–PRO TEM**

30.     The prior allegations are incorporated by reference as though fully set forth in this claim for relief.

31.     Under the terms of the Agreement, Defendant Fine was to follow Semico's company policies.

32.     At Defendant Fine's suggestion, in late 2004, Semico attempted to improve its operations by adopting a number of new policies.

33.     One of the new policies was adoption of Guidelines for Semico's sales tracking and monitoring ("Guidelines") to help Semico manage its business.

34.     On April 19, 2005, the Guidelines were sent to all Semico employees involved in sales.

35.     In the guidelines, Semico asked its employees to increase sales by five percent.

36.     Because the Guidelines were proving to be successful, the Guidelines were sent to Pro Tem on May 9, 2005.

37.     Semico asked Pro Tem to increase its sales by twenty percent, which was only one-half of what it was asking of its own employees.

38.     In May 2005, Semico placed Pro Tem on a Sales Performance Improvement Plan ("Plan").

39.    In the PIP, Semico outlined its areas of concern and Semico's expectations in the Plan.

40.    Pro Tem failed and refused to address the matters outlined in the Plan or to follow the Guidelines, constituting a material breach of the Agreement.

41.    The Agreement was terminated because Pro Tem continued to breach the following provisions of his contract that allowed for Pro Tem's immediate termination:

Section 3.01. Semico shall exercise no control over the manner and method by which The Representative's business is conducted. Representative shall act in the best interests of Semico....

Section 3.05. The Representative shall offer Semico services only at prices and on terms and conditions of sale established by Semico and shall abide by the Company's policies in all matters relating to Semico and its products. ...

Section 3.06. Failure of The Representative to comply with Sections 3.01 through 3.05 shall constitute a breach of This Agreement and as such, shall cause the immediate termination of this Agreement with the written notice required in Article VIII of this Agreement.

42.    Semico was damaged by Pro Tem's deficient performance of the Agreement in the form of lost past and future profits.

43.    If Semico could have staffed Pro Tem's geographical territory with its own employees, rather than Pro Tem, it would have realized greater profits than Pro Tem generated during 2003-2005, and for the remaining term of the Agreement.

44.    This claim arises out of contract, express or implied, thereby entitling Semico to an award of its attorneys' fees pursuant to A.R.S. § 12-341.01 and costs pursuant to A.R.S. § 12-341. If this matter proceeds to judgment by default, Semico will request $2,000 as and for its reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF:  BREACH OF THE IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING–PRO TEM**

45.     The prior allegations are incorporated by reference as though fully set forth in this claim for relief.

46.     A covenant of good faith and fair dealing is implied in every contract, including the Agreement.

47.     Pro Tem, acting through Defendant Fine, by act and/or omission intentionally denied Semico the benefit of its bargain under the Agreement in the above conduct.

48.     As a sales representative of Semico, an agency relationship between Semico and Pro Tem was established, whereby Semico and Pro Tem benefitted one another in the course of Pro Tem's performance of the Agreement.

49.     Defendant Fine, in complete control of Pro Tem, was in a fiduciary relationship to Semico and its shareholders.

50.     Pro Tem was in a special relationship of trust with Semico because of Pro Tem's sole officer, director and shareholder was also a shareholder, director (former), and officer (former) of Semico.

51.     Permitting tort damages will provide a substantial deterrence against breach by the party who derives a commercial benefit from the relationship.

52.     This claim arises out of contract, express or implied, thereby entitling Semico to an award of its attorneys' fees pursuant to A.R.S. § 12-341.01 and costs pursuant to A.R.S. § 12-341.  If this matter proceeds to judgment by default, Semico will request $2,000 as and for its reasonable attorneys' fees.

**THIRD CLAIM FOR RELIEF:  INTENTIONAL INTERFERENCE WITH
CONTRACT–DEFENDANT FINE**

53.     The prior allegations are incorporated by reference as though fully set forth in this claim for relief.

1    54.    Defendant Fine was keenly aware that Pro Tem and Semico were parties to the

2    Agreement.

3    55.    Defendant Fine induced Pro Tem to commit breaches of the Agreement as

4    specified above.

5    56.    Defendant Fine employed the use of improper devices to induce Pro Tem to

6    breach the Agreement with Semico.

7    57.    Pro Tem's breaches of its agreement directly and proximately damaged Semico

8    in an amount to be proven at trial.

9    **FOURTH CLAIM FOR RELIEF:  BREACH OF FIDUCIARY DUTY–DEFENDANT**
   **FINE**

10

11    58.    The prior allegations are incorporated by reference as though fully set forth in

12    this claim for relief.

13    59.    As an office of Semico, Defendant Fine had a fiduciary duty to Semico and its

14    shareholders.

15    60.    In late 2004, when Semico refused to accede to Defendant Fine's management

16    and buy-out demands, Defendant Fine commented that he would take measures to injure

17    Semico financially.

18    61.    From and after that comment, Defendant Fine developed an acrimonious stance

19    towards compliance with company policies, by refusing to submit appropriate reports of sales

20    activity and effort, submitting incomplete and erroneous of corporate expenses and

21    attempting to collect unearned sales commissions.

22    62.    In all of the foregoing, Defendant Fine caused Semico and its shareholders to

23    be financially damaged.

24    63.    This claim arises out of contract, express or implied, thereby entitling Semico

25    to an award of its attorneys' fees pursuant to A.R.S. § 12-341.01 and costs pursuant to A.R.S.

26

1    § 12-341. If this matter proceeds to judgment by default, Semico will request $2,000 as and

2    for its reasonable attorneys' fees.

3    WHEREFORE, Semico prays for judgment in its favor and against the defendants as

4    follows:

5    A. On its first claim for relief,

6    1)    For an order awarding judgment to Semico and against Pro Tem for general,

7    compensatory, incidental and consequential damages in an amount to be proven at trial.

8    2)    For an order awarding judgment to Semico and against Pro Tem for Semico's

9    reasonable attorneys' fees and costs.

10    3)    For interest on the foregoing sums at the highest legal rate from the date of

11    judgment until paid in full.

12    B. On its second claim for relief,

13    1)    For an order awarding judgment to Semico and against Pro Tem for general,

14    compensatory, incidental, consequential and exemplary damages in an amount to be proven

15    at trial.

16    2)    For an order awarding judgment to Semico and against Pro Tem for Semico's

17    reasonable attorneys' fees and costs.

18    3)    For interest on the foregoing sums at the highest legal rate from the date of

19    judgment until paid in full.

20    C. On its third claim for relief,

21    1)    For an order awarding judgment to Semico and against Defendant Fine for

22    general, compensatory, incidental, and consequential damages in an amount to be proven at

23    trial.

24    2)    For an order awarding judgment to Semico and against Defendant Fine for

25    Semico's reasonable attorneys' fees and costs.

26

3)    For interest on the foregoing sums at the highest legal rate from the date of judgment until paid in full.

D. On its fourth claim for relief,

1)    For an order awarding judgment to Semico and against Defendant Fine for general, compensatory, incidental, and consequential damages in an amount to be proven at trial.

2)    For an order awarding judgment to Semico and against Defendant Fine for Semico's reasonable attorneys' fees and costs.

3)    For interest on the foregoing sums at the highest legal rate from the date of judgment until paid in full.

DATED this 7 day of September 2006.

NORLING, KOLSRUD, SIFFERMAN
& DAVIS, P.L.C.

Ryan Lorenz
Attorney for Plaintiff Semico Research Corp.