# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

June 13, 2007

TO CLERKS OF THE FOLLOWING U. S. DISTRICT COURTS:

   DISTRICT OF ARIZONA
   DISTRICT OF MASSACHUSETTS

Re: MDL-1839 -- In re Pro Tem Partners, Inc., and Semico Research Corp. Contract Litigation

   *Semico Research Corp. v. Jan-Charles Fine, et al.*, D. Arizona, C.A. No. 2:06-2475
   *Pro Tem Partners, Inc. v. Semico Research Corp.*, D. Massachusetts, C.A. No. 1:05-11822

Dear Clerks:

I am enclosing a certified copy of an order filed today by the Panel in the above matter.

                                     Very truly,

                                     Jeffery N. Lüthi
                                     Clerk of the Panel

                                 By /s/ Dana L. Stewart
                                     Deputy Clerk

Enclosure

cc: Transferor Judges: Judge David G. Campbell; Judge Reginald C. Lindsay

JPML Form 32

A CERTIFIED TRUE COPY

JUN 1 3 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 3 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1839**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PRO TEM PARTNERS, INC., AND SEMICO RESEARCH CORP. CONTRACT LITIGATION*

*Semico Research Corp. v. Jan-Charles Fine, et al.*, D. Arizona, C.A. No. 2:06-2475
*Pro Tem Partners, Inc. v. Semico Research Corp.*, D. Massachusetts, C.A. No. 1:05-11822

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*ORDER DENYING TRANSFER*

This litigation currently consists of one action in the District of Arizona and another action in the District of Massachusetts. Plaintiff in the District of Massachusetts action (*Pro Tem*) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Massachusetts. This motion is joined by two defendants[1] in the District of Arizona action (*Semico*). Semico Research Corp., defendant in *Pro Tem* and plaintiff in *Semico*, opposes the motion for centralization but, alternatively, suggests the District of Arizona as the transferee forum, if the Panel deems centralization proper.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. In this docket containing only two actions, one of which was originally filed approaching two years ago, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[*] Judge Miller took no part in the decision of this matter.

[1] Josefina and Jan-Charles Fine.

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 13 2007

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1839

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PRO TEM PARTNERS, INC., AND SEMICO RESEARCH CORP. CONTRACT LITIGATION

Semico Research Corp. v. Jan-Charles Fine, et al., D. Arizona, C.A. No. 2:06-2475
Pro Tem Partners, Inc. v. Semico Research Corp., D. Massachusetts, C.A. No. 1:05-11822

BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

ORDER DENYING TRANSFER

This litigation currently consists of one action in the District of Arizona and another action in the District of Massachusetts. Plaintiff in the District of Massachusetts action (*Pro Tem*) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Massachusetts. This motion is joined by two defendants[1] in the District of Arizona action (*Semico*). Semico Research Corp., defendant in *Pro Tem* and plaintiff in *Semico*, opposes the motion for centralization but, alternatively, suggests the District of Arizona as the transferee forum, if the Panel deems centralization proper.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. In this docket containing only two actions, one of which was originally filed approaching two years ago, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

---

[*] Judge Miller took no part in the decision of this matter.

[1] Josefina and Jan-Charles Fine.